JOHN S. ROWLAND, Superintendent of the Western & Atlantic Railroad, plaintiff in error, vs. MARY E. CANNON, defendant in error.

The widow of an employee of a Railroad cannot recover for his loss of life, if by his own fault he contributed to the accident which occasioned his death.

Case.   In Fulton Superior Court.   Tried before Judge WARNER.   October Term, 1866.

In July, 1862, Sylvester Cannon was in the employment of the Western & Atlantic Railroad as a locomotive engineer, and, on the Sabbath day, was running an engine attached to the regular passenger train from Atlanta to Chattanooga.   It was unusual to run freight trains on the Road on Sunday, and on this occasion there was no reason to expect that any train would be in Cannon's way, neither he nor the conductor of his train having been notified that any

had been or would be sent out. In point of fact, however, a freight train was started out by the agent of the Road at Chattanooga to go to Atlanta, and near Johnson's Station it came in collision with Cannon's train, and he was killed. His widow brought suit against the Road for damages. At the trial, it appeared in evidence that by printed rules which were in the hands of all engineers, it was not allowable to run on that part of the Road at a higher speed than eighteen miles per hour, and that Cannon, at the time of the collision, was running at the rate of twenty miles per hour ; also, that if he had been running at but eighteen miles per hour, the collision would not have occurred at that place, (which was on a sharp curve) and might not have occurred at all ; that a quarter of a mile further towards Atlanta, the trains might have been seen by those upon them in time to prevent the accident, though still further on in that direction the result of a collision might have been much worse. It was in evidence that the rule restricting the speed to eighteen miles per hour, had been made on account of the condition of the track on that part of the Road, the iron being, when the rule was adopted, scrap iron, but that prior to this collision, it had been relaid with good iron, so as to become the best part of the Road. The rule, however, had not been revoked. On some other parts of the Road, a speed as high as twenty-eight miles per hour was allowed by the rules.

The Court, after charging the jury that if the injury was caused exclusively by the fault or negligence of the plaintiff's husband, she would not be entitled to recover, and if caused exclusively by other employees of the Road, she would be entitled to recover, added that if both parties were in fault, the plaintiff might still recover, but the jury should find such damages as they thought the plaintiff entitled to under the circumstances in proof.

The jury found for the plaintiff four thousand dollars (predicating their verdict, as to the amount, in part on evidence which is not embodied in the foregoing statement).

Whereupon the defendant moved for a new trial, on the ground of error in that part of the charge which recognized the plaintiff's right to recover if both parties were in fault.

The Court refused a new trial, and that refusal is the error now alleged.

MYNATT and BLECKLEY, for plaintiff in error.

BAUGH and HOYT, for defendant.

LUMPKIN, C. J.

The single question in this case is, can the widow of an employee of the State Road, if he is killed, recover damages for his loss of life, provided he, himself, is guilty, in part, of the accident which caused his death?

It is well settled, that a passenger or third person may recover, though he is partly to blame for the casualty. Does the same rule apply to agents of the Road? This depends upon the proper construction of the following Sections of the Code—(Sections 2054, 2979, 2980)—particularly the last of these sections, which reads as follows: "If the person injured is himself an employee of the Company, and the damage was caused by another employee, and without fault or negligence on the part of the person injured, his employment by the company shall be no bar to the recovery."

From these Sections, it would seem that if the person injured is himself an employee of the Company, and the damage was caused by another employee, without fault or negligence on the part of the person injured, his employment by the company would be no bar to the recovery, and, therefore, negatively, that it would constitute a bar if fault or negligence be imputable to him. The conclusion seems inevitable, from the language of the Code; and is it not promotive of good thus to interpret the Code? The strictest fidelity should be exacted of all the agents; and to allow one to hold the Road liable, when he himself contributed in

part to the injury, seems to be wrong to the Road and the people generally, who are indirectly, but deeply interested in the fidelity of the employees.

Now, it is conceded that Mr. Cannon, the engineer on one of the colliding trains, was partly to blame for running it at undue speed, and that, too, contrary to the printed rules of the Superintendent, which he had in his pocket, and which are declared by the Code to be *laws*. Notwithstanding that other agents of the Road were not guiltless, he participated in their violation of rules which are laws to them. Is it sound policy to allow him, or his family, to recover, when, by reason of this violation of law, several lives, I believe, were lost, and extensive injury inflicted upon the machinery of the Road?

But it is not for us to reason about the matter. Such is the Code, and we must obey its behests; and, therefore, reverse the judgment of the Court below.

Judgment reversed.