SAVANNAH, FLORIDA AND WESTERN RAILWAY *vs.* FOLKS.

CASE FROM PIERCE. Railroads. Damages Negligence. Master and Servant. Non-Suit. (Before Judge Mershon.)

Hall, J.—Where the undisputed evidence showed that an engineer of a railroad company violated its rules furnished for his government in respect to passing switches and turnouts, and in respect to the speed at which trains should run and the precautions to be used by engineers to prevent collisions, and that a collision was occasioned in whole, or at least in large part from his negligence in this regard, and that such collision caused his death, a recovery by his widow against the railroad for his homicide, was contrary to law and unsupported by the evidence, whether or not there was also negligence on the part of the company's employes on the other train with which the collision occurred. Code, §3036 and cits; 35 Ga., 105, 107, 108; 51 Id., 212; 59 Id., 73; 63 Id., 181, 182.

(a) Such violation of rules appearing from the evidence for the plaintiff, semble that a non-suit should have been granted.

Judgment reversed.

Chisolm & Erwin, for plaintiff in error.

John C. McDonald; Lester & Ravenel, for defendant.

---

## CODIFICATION.

I have been kindly urged by the American Law Review to give the "opinion of an active practitioner in Georgia as to the value, based upon an experience of twenty years, of a code of the common law." In response to this request, and not to enter the lists as the champion or the enemy of codification generally, these lines are now written.

Quite a number of States have experience as to the value of "Codes of Proceedure" and "Penal Codes," but Georgia is one of the very few that, in addition, has attempted and put in operation, a *codification of the body of the law*—has taken the risk, and to a large extent tested the value of a *civil code.* By an act of December 9th, 1858, three commissioners were appointed "to prepare for the people of Georgia a Code, which should, as near as practicable, embrace in a condensed form the laws of Georgia, whether derived from the common law, the constitutions, the statutes of the State, the decisions of the Supreme Court, or the statutes of England of force in this State." Two of the three commissioners first named declined, and when their places were filled, it was soon evident that the selections finally made were very fortunate